## Big Sandy Railway v. Justice.

(Decided January 9, 1912.)

Appeal from Floyd Circuit Court.

Land—Sale of to Enforce Lien—Equitable Lien and Rights of Parties.—In the action to enforce a lien on land for a balance of the purchase money for which a judgment was had and a sale made in February and purchased and confirmed in September, 1909 Held, under an agreement made between appellee and L. the court should have told the jury that they should find for appellee, unless they believed that appellee and his son-in-law, J. L., purchased the land at commissioner's sale in partnership. If this agreement was made, J. L. had the equitable title to one-half of the land, appellee holding the title to one-half of it in his own right and the balance in trust for L. In other words, appellee had a lien on one-half of the land for one-half of the purchase money.

HARKINS & HARKINS, WORTHINGTON, COCHRAN & BROWNING, F. T. D. WALLACE and JOS. D. HARKINS for appellant.

JAMES GOBLE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This appeal is from a judgment for $300 in favor of the appellee against the appellant for the value of a right of way where it passes through the land of the appellee. In short, the facts in the matter are about these: One John Layne, a son-in-law of the appellee, purchased from one McCoy about thirty-eight acres of land. There was a balance remaining due on the purchase money. McCoy instituted a suit to enforce his lien for the balance of the purchase price and obtained a judgment for that purpose. A sale was made on the 24th day of February, and purchased, and confirmed September 6th, 1909.

It is claimed by appellant that appellee purchased the land with a previous understanding with Layne, the owner, that they were to buy it in partnership, each taking a half; that they were to sell the minerals under this land and some of appellee's land adjoining to pay on the purchase money; that they were to pay the balance in equal shares and own the land jointly; and that Layne was to take the lower part, which the railway passed through.

A few months after this purchase at commissioner's sale, John Layne sold and conveyed the right of way through this land to the railway company. Notwithstanding this agreement between appellee and Layne and the sale by Layne to the railway company, appellee conveyed to his daughter, John Layne's wife, about fifteen acres of this land, but in the deed expressly excluded the right of way of the railway. This deed was made after the date of the deed from Layne to the railway.

Appellant complains of the instructions of the court. The first one submitted to the jury the question of appellee's title to the land. That was a matter for the court to determine. There is no question but what he had the legal title, and the court should have told the jury that they should find for him unless they believed that appellee and his son-in-law, John Layne, purchased this land at the commissioner's sale in partnership. If

this agreement was made, John Layne had the equitable title to one-half the land, appellee holding the title to one-half of it in his own right and the balance in trust for Layne. In other words, appellee had a lien on one-half of the land for one-half of the purchase money.

It was shown without contradiction that the minerals under the land were sold by Layne and the appellee, and the proceeds applied to the payment of the sale bonds; and in addition, John Layne paid on the bonds something near $38 or $40. This being true, he had no right to abandon the contract he had made with the appellee to the injury of third parties (in this case the railway company), and the court erred in so instructing the jury.

If this agreement was made between appellee and Layne, appellee had only a lien on one-half of the land to secure one-half of the purchase price. See Liebel v. Tandy, rendered the 5th day of January, 1912.

On another trial the court should tell the jury that they should find for the plaintiff, unless this agreement was made. In that event they should find for the defendant. The court correctly gave the measure of damages in case the jury found for the appellee.

Judgment reversed and cause remanded for further proceedings consistent herewith.